■ GERALD A. KELLY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37782.) — Judgment unanimously reversed on the law and facts, judgment directed in favor of claimant and case remitted to Court of Claims to assess damages and to enter judgment accordingly. Memorandum: This claim has been dismissed upon a finding that claimant was contributorily negligent. The sparse factual findings of the trial court make it difficult to determine the precise grounds of this conclusion. It appears, however, that it was based upon a finding that regardless of the place of the accident claimant saw the State vehicle some 150 or 200 feet ahead of his vehicle and was negligent in failing to stop in this distance on a snow-covered highway. Claimant was driving in a southerly direction on a two-lane highway. A snow blower operated by employees of the State was proceeding in a northerly direction in the westerly (or wrong) lane at a speed of two or three miles per hour. While there was proof to the contrary we find that the point of collision was south of the crest of a hill. Thus this topography obscured claimant's vision until he reached the top of the hill. The blower was then 150 to 200 feet away and obscured by snow that the machine was blowing from a 12-foot snowbank on the west side of the road. Contrary to the conclusion of the trial court claimant upon these facts may not be found guilty of contributory negligence. He testified that his speed was 25 miles per hour but even at 30 miles a vehicle requires 114 feet to stop on a dry pavement (10 Am. Jur., Proof of Facts, App. Fig. 22). But on packed snow the gripping efficiency is reduced so that stopping distance (including perception and reaction distances) is increased to a variable distance from 216 to 366 feet. (*Ibid.*, Fig. 22, subds. 1, 2.) Proof of the negligence of the State in failing to warn traffic moving in a southerly direction that south of the crest of the hill was a large vehicle moving northerly on the wrong side of the road and obscured by snow is overwhelming. (Appeal from a judgment of the Court of Claims dismissing the claim in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.