■ Joseph J. Barbera et al., Respondents, v State of New York, Appellant. (Claim No. 60797.) (Action No. 1.) Joseph J. Barbera et al., Respondents, v New York State Thruway Authority, Appellant. (Claim No. 61104.) (Action No. 2.)—Appeal in Action No. 1 from an order of the Court of Claims, entered April 19, 1977, which granted claimants' motion for permission to late file a claim against the Thruway Authority. Appeal in Action No. 2 from an order of the Court of Claims, entered July 6, 1977, which denied a motion to dismiss claimants' claim against the Thruway Authority. The claimants are the owners of certain property located near Exit 18 of the New York State Thruway and alleged that the Thruway Authority (hereinafter the Thruway) has caused their private water supply to become nonpotable. The damage allegedly occurred because the Thruway stockpiled salt for winter highway maintenance purposes on a parcel of land having close proximity to claimants' property and the salt polluted the water supply. The claimants filed a notice of intention to file a claim and a claim against the State of New York on August 20, 1976 and January 6, 1977, respectively. An amended claim against the State was filed on January 13, 1977. These documents recite that the claimants first became aware of the problem involving their water supply on June 4, 1976. The State moved to dismiss the claim for failure to state a cause of action, and, since the claim was clearly one solely against the Thruway, the Court of Claims by an order of March 9, 1977 granted that motion. On March 22, 1977 the claimants served a notice of motion on the Thruway seeking permission to late file their claim against it, and, as part of the motion papers, the claimants served copies of the previous papers served on the State. The Court of Claims by an order dated April 19, 1977 granted permission to file a late claim against the Thruway pursuant to subdivision 6 of section 10 of the Court of Claims Act. The claimants filed the claim on May 10, 1977 and by an order dated July 6, 1977 the Court of Claims denied a motion by the Thruway to dismiss the claim. The primary question upon these appeals is whether or not the Court of Claims erred in granting permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act (all statutory references hereinafter are to the Court of Claims Act unless otherwise specified). The Thruway contends that chapter 280 of the Laws of 1976, which enacted the present subdivision 6 of section 10, while remedial in nature was not intended to be retroactively applied. In *Sessa v State of New York* (63 AD2d 334), this court has held that the 1976 amendments to subdivision 6 of section 10 of the Court of Claims Act should be applied only to those cases not yet barred as of the effective date (Sept. 1, 1976) of chapter 280 of the Laws of 1976. Our holding in the *Sessa* case concerning the limited retroactive effect to be given to the 1976 amendments, however, has no effect in this particular case since the date of June 4, 1976 is well within the former maximum limitation of two years contained in section 10. The Thruway made no response to the motion of the claimants made on March 22, 1977 except to allege that the entire matter had been decided by the prior motion of the State to dismiss which had been granted on March 9, 1977. Upon this appeal the Thruway contends that there was a failure to

adequately allege when the claim arose as required by section 11 of the Court of Claims Act (see *Harper v State of New York,* 34 AD2d 865). Since the proposed claim was not filed with the motion for permission to file a late claim and no objection was made to the adequacy of claimants' papers for a motion pursuant to subdivision 6 of section 10, this contention has no merit in regard to the order of April 19, 1977, which simply granted permission to file a late claim. An examination of the papers reveals that the claimants have at all times alleged that June 4, 1976 was when they became aware of the damage, and for purposes of section 11 this would be a statement of when the claim arose in the absence of any objection to sufficiency before the Court of Claims. The Thruway likewise made no objection before the Court of Claims to the sufficiency of the claimants' papers to establish the criterion of subdivision 6 of section 10 and to provide a basis for the exercise of discretion in favor of claimants. Upon this appeal it is contended that the claimants failed to establish a good excuse for the inadvertence of not serving the proper party and/or that the motion papers were improper because the Thruway was not named in the caption as a party. However, these are matters addressed to the discretion of the Court of Claims, involving its corrective powers, and are not of such a nature as to require a denial of relief pursuant to subdivision 6 of section 10 as a matter of law. The appeal from the order of April 19, 1977, which granted permission to file the claim late, has no sound basis requiring relief in favor of the Thruway. As to the order of July 6, 1977, which denied a motion to dismiss the claim as filed, the sole contention of the Thruway is that the claim was not "timely" filed pursuant to permission granted in the prior order of April 19, 1977. This contention has no merit and, in any event, the Court of Claims amended its prior order *nunc pro tunc* so that the claim was in fact timely filed. Orders affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.