■ JOAN REINMUTH, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60435.)—Appeal from an order of the Court of Claims, entered December 3, 1976, which granted claimant's motion to file a late claim. Claimant's claim alleges that she was injured in an automobile accident on April 27, 1976 when the automobile she was operating struck a utility pole which defendant allegedly permitted to continue in place at the lip of the roadway endangering the use of the roadway by claimant and others. Defendant originally moved to dismiss the claim as untimely filed and for other relief. The court accepted claimant's answering affidavit as a motion for permission to file a late claim, which motion the court granted. The

issue of whether or not the claimant was properly permitted to late file her claim is the sole issue raised on this appeal. Claimant, acting *pro se,* served a copy of her claim upon the Attorney-General on the 90th day following accrual of the claim, and on that day mailed a copy of the claim to the Clerk of the Court of Claims which was not received until 92 days after accrual of the claim. Unquestionably, the claimant's claim was not timely filed *(Perry v State of New York,* 64 AD2d 799; Court of Claims Act, § 10, subd 3, § 11). The Court of Claims, however, held that since September 1, 1976, subdivision 6 of section 10 of the Court of Claims Act is available to all claimants who move thereunder before their claims have become time-barred. Here, the State had notice of the essential facts constituting the claim, and will suffer no prejudice if relief is granted. The facts alleged by claimant, coupled with the seriousness of her injuries and her inability to find an attorney to represent her, constituted a reasonable excuse. In addition, the claim appears to be meritorious. The Court of Claims decision granting claimant permission to file a late claim was properly granted *(Barbera v State of New York,* 64 AD2d 786; *Perry v State of New York, supra;* cf. *Matter of Beary v City of Rye,* 44 NY2d 398; *Sessa v State of New York,* 63 AD2d 334). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.