In the Matter of ROGER E. SNYDER, Appellant, v CITY OF UTICA, Respondent—Order unanimously reversed, with costs, and application granted. Memorandum: Petitioner was injured on October 1, 1977 in a collision with a vehicle owned by respondent, the City of Utica, and while being operated by its employee. Petitioner was hospitalized and alleges that he suffered permanent injuries and sustained medical expenses in the sum of $4,390.74. On October 3, 1977 he retained an attorney to prosecute his claim for such injuries. The city police investigated the accident and duly filed their report thereof. On October 14, 1977 the city made a written claim against petitioner for damages to its vehicle, and served it upon petitioner's insurance carrier. On December 20, 1977 petitioner's attorney sent to a process server two copies of a notice of claim for service on respondent's Corporation Counsel and Mayor, and he was assured on the telephone that the notices would be promptly served. The 90-day period within which they were required to be served extended through December 30. For unexplained reasons the process server did not receive the notices of claim in the mail until December 28, and also inexplicably they were not served until Janu-

ary 3, 1978. Respondent rejected them as untimely; and petitioner instituted this application for permission for late filing of the notice of claim. Special Term recognized that respondent was not prejudiced by the four-day delay in service of the notice of claim but concluded that because petitioner was not an infant, mentally or physically incapacitated and did not rely on settlement negotiations as reason for the delay in service, there was no merit to the application. We think that the court failed to give proper recognition to the significance of the amendment of subdivision 5 of section 50-e of the General Municipal Law, effective September 1, 1976, which grants to the court the discretion to afford relief from the provision of section 50-e (subd 1, par [a]) of that law, requiring service of notice of claim within 90 days of the occurrence. The amendment provides in part that the court shall consider whether the public corporation acquired knowledge of the essential facts constituting the claim within the 90-day period and whether the delay substantially prejudiced the public corporation in making its defense. In this case it appears prima facie that petitioner has a meritorious case and, without fault on his part, the notice of claim was served four days late. It is clear that the city was in no way prejudiced by the delay. We think that in the interest of justice the court should have exercised its discretion to grant the application *(Reinmuth v State of New York,* 65 AD2d 648; and see *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). *Williams v Town of Irondequoit* (59 AD2d 1049) and *Nolan v County of Otsego* (55 AD2d 422) are distinguishable upon their facts. (Appeal from order of Oneida Supreme Court—late notice of claim.) Present —Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.