MARTIN BLOCK et al., Appellants, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. (Claim No. 61222.)—Appeal from an order of the Court of Claims, entered August 22, 1977, which denied claimants' motion for leave to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. On March 21, 1977, claimant Martin Block was allegedly seriously injured in an automobile accident on the New York State Thruway near the City of Yonkers. Although claimants assert that defendants' negligence was a contributing cause of the mishap, they admittedly filed their notice of claim tardily on the 94th day after the accident (see Court of Claims Act, § 10, subd 3). As a result, on July 18, 1977 they moved, pursuant to subdivision 6 of section 10 of the Court of Claims Act, for permission to file a late claim, and their motion was denied. This appeal

followed. In considering the merits of the instant appeal, we initially recognize that, with the enactment of subdivision 6 of section 10 of the Court of Claims Act (L 1976, ch 280, eff Sept. 1, 1976), the Legislature significantly broadened the discretion of the judiciary in granting permission for the late filing of claims. Under prior law (Court of Claims Act, § 10, subd 5, superseded by L 1976, ch 280, § 2), the court could permit the late filing of a claim only when the claimant involved demonstrated that he had a reasonable excuse for not filing within 90 days of the accrual of the claim, that the State had actual knowledge of the essential facts constituting the claim prior to the expiration of the 90 days and that the state had not been substantially prejudiced by the delay in filing (*McGaughy v State of New York*, 55 AD2d 823), and a failure to satisfy any one of these requirements precluded the granting of relief (*Turner v State of New York*, 40 AD2d 923). Now, pursuant to the new subdivision 6, there are no absolute requirements, such as a reasonable excuse, which must be satisfied before relief may be granted, and the statute merely lists six factors which, among others, are to be considered by the court in determining whether or not to allow a late claim. Moreover, the time period during which a late claim may be permitted is also extended by the statute. Such being the case, the discretion of the Court of Claims in the area of tardy claims has obviously been increased. There remains in effect in the Court of Claims, however, jurisdictional time limitations which should be strictly construed (*Gibson v State of New York*, 64 AD2d 790), and in determining whether or not to permit a late filing the court must make its decision in light of the factors set forth in subdivision 6. For their part, prospective claimants are not automatically entitled to the relief requested on their motions for leave to file late as they are merely addressing their applications to the broad discretion of the court (*Barbera v State of New York*, 64 AD2d 786). Necessarily, this broad discretion also severely limits our review of the decisions of the Court of Claims upon such applications, and we may reverse these decisions only when that court's discretionary power has been clearly abused. With these principles in mind, we turn to the instant application and find that the only excuse proffered for the late filing was a largely unexplained "clerical error". Moreover, while the State arguably had notice of the automobile accident through the State Police investigation thereof, neither respondent had timely notice of the existence of the present claim against them and its underlying facts so as to trigger an investigation of the claim and avoid substantial prejudice to respondents. As for the merits of the claim, the generalized and conclusory allegations of claimants make an intelligent determination of this question impossible, and lastly, it is effectively conceded in claimants' brief that they have failed to establish satisfactorily that they are without any other effective remedy, e.g., an action against the operator of the other automobile involved in the accident. Under these circumstances, we cannot justifiably hold that the court abused its discretion in denying claimants' motion, and the order appealed from should, therefore, be affirmed. Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.