PAUL ALMEDIA, Appellant, v STATE OF NEW YORK, Respondent.—Appeal from an order of the Court of Claims, entered February 3, 1978, which denied claimant's motion for permission to file a late claim pursuant

to subdivision 6 of section 10 of the Court of Claims Act. Claimant was driving an automobile on the Hempstead Turnpike in Bethpage, New York, a State-maintained highway, when, on June 1, 1977, he was involved in an accident wherein he allegedly sustained personal injuries caused by the negligence of the State in failing to remove an oil spill from the roadway and to keep the roadway closed until the spill was removed. As a result, on July 22, 1977, his attorneys served a purported claim on the Attorney-General's office, but not on the Court of Claims, and in so doing, erroneously utilized the form for a notice of claim against a public authority pursuant to section 50-e of the General Municipal Law. Nonetheless, by letter of August 8, 1977, the Attorney-General's office acknowledged receipt of a "copy of a verified Notice of Intention to file claim" against the State, and on November 21, 1977 claimant's attorneys served on the Attorney-General a summons and complaint in the Court of Claims. With these circumstances prevailing and in apparent recognition of their earlier procedural errors in filing, claimant's attorneys filed in the office of the Court of Claims on January 3, 1978, a notice of motion for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. The court subsequently denied the motion, and this appeal ensued. The statute involved (Court of Claims Act, § 10, subd 6) sets forth six factors which, among others, shall be considered by the court in deciding whether to permit a late filing of a claim against the State. They are: whether the delay in filing the claim was excusable; whether the State had notice of the essential facts constituting the claim; whether the State had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the State and whether the claimant has any other available remedy. Review of the record reveals that the only reason advanced for the delay was law office error. It further reveals that claimant has not adequately demonstrated that he has no other available remedy but, to the contrary, shows that he has a claim pending against the owner and operator of the other car involved in the accident. Moreover, the moving papers fail to set forth an adequate basis upon which to establish that the claim is meritorious. With these circumstances prevailing, we cannot conclude that the trial court abused its broad discretion in denying the claimant's motion (see *Block v New York State Thruway Auth.,* 69 AD2d 930) and the order appealed from must, therefore, be affirmed. Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.