■ ANNA GOLDSTEIN Respondent, v STATE OF NEW YORK, Appellant.—In a wrongful death claim against the State of New York, defendant appeals from an order of the Court of Claims, dated March 1, 1979, which granted claimant's motion for leave to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. Order reversed, on the law, with $50 costs and disbursements, and motion denied with leave to renew upon proper papers which shall include a physician's affidavit or hospital record showing that claimant was either hospitalized or convalescing for the entire period during which she could have timely filed the claim, and which shall set forth the causal relationship between the defendant's alleged negligence and the accident. Subdivision 6 of section 10 of the Court of Claims Act directs the court, in determining whether to permit late filing of a claim, to consider, among other factors, the following: whether the delay in filing the claim was excusable; whether the State had notice of the essential facts constituting the claim; whether the State had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim resulted in substantial prejudice to the State; and whether the claimant has any other available remedy. The Court of Claims erred when, in weighing the prescribed factors, it did not adequately consider claimant's failure to set forth a meritorious cause of action and her lack of a satisfactory excuse for not

timely filing the claim. The vague and general allegations of negligence in the proposed claim do not set forth a meritorious claim where the automobile in which claimant was a passenger left the highway and collided with an exit sign for no apparent reason (see *Matter of Santana v New York State Thruway Auth.,* 92 Misc 2d 1). Although claimant alleged she was either hospitalized or convalescing for the entire period during which she could have timely filed the claim, such alleged incapacity is inadequate as an excuse for late filing without either a physician's affidavit or hospital records (see *Rios v State of New York,* 67 AD2d 744). Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.