■ DAVID DONOVAN, Respondent, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant. — Appeal from an order of the Court of Claims (Murray, J.), entered February 18, 1981, which granted claimant's motion for permission to file a late notice of claim. Claimant, a stationary engineer, was employed by Randlett, Inc., which managed and maintained Central Warehouse, a building owned by the New York State Teachers' Retirement System (hereinafter System). While working at Central Warehouse on January 14, 1980, claimant fell and seriously injured his back. After hospital emergency treatment he was permitted to return to his home but on February 2, 1980 was readmitted to the hospital for surgery. There followed two weeks of complete bed rest in the hospital and extensive periods of medical treatment and physical therapy. On September 9, 1980, not realizing that the System was a State entity subject to the exclusive jurisdiction of the Court of Claims, claimant instituted an action in the Supreme Court against the System. A motion for dismissal was made by the System upon the ground that the Supreme Court lacked jurisdiction and this motion was granted. Claimant then promptly sought permission to file a late notice of claim against the State in the Court of Claims pursuant to subdivision 6 of section 10 of the Court of Claims Act. That court, on February 17, 1981, granted such permission and the System now appeals contending, *inter alia,* that the granting of relief constituted an abuse of discretion in that the Court of Claims improperly relied upon claimant's ignorance of governing legal principles. We disagree and hold that the order should be affirmed. In its relatively recent decision in *Block v New York State Thruway Auth.* (69 AD2d 930), this court had reason to note the amendment of section 10 of the Court of Claims Act (L 1976, ch 280, eff Sept. 1, 1976) and to briefly refer to the section's recent legislative history. As pointed out therein, under the prior law permission to file a late claim could be permitted only when the claimant had demonstrated that he had a reasonable excuse for tardy filing, that the State had actual knowledge of the essential facts and that the State had not been substantially prejudiced by the delay in

filing. Failure to satisfy any one of these requirements precluded the granting of relief. By the amendment, these absolute and specific requirements were dispensed with and in making its decision the Court of Claims is now required to consider the six factors, identified in the statute, *among other factors*. This broad extension of the court's discretion necessarily limits our right to review and we may reverse decisions only when the court's discretionary power has been clearly abused (*Block v New York State Thruway Auth., supra,* p 931). Perusal of the record here reveals no such abuse. Rather, the decision demonstrates that the court considered all of the essential factors before arriving at its decision. Among the other factors considered was the then uncertain state of the law which has since been made more certain (see *Haimes v New York Tel. Co.,* 46 NY2d 132). Consideration of this factor was not improper and the System's assertion that the Court of Claims improperly relied upon claimant's ignorance of the law is not in accordance with the facts. In its decision, the Court of Claims expressly states that "the court has given little weight to the petitioner's alleged ignorance of the law." In our view, the court's decision demonstrates that it followed the clear direction of subdivision 6 of section 10 of the Court of Claims Act and its order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.