■ MARIE T. SIMPSON, an Infant, by PATRICIA A. BUCK, Her Parent, et al., Appellants, v STATE OF NEW YORK, Respondent. — Appeal from an order of the Court of Claims (Koreman, P. J.), entered February 6, 1981, which denied claimants' application pursuant to section 10 of the Court of Claims Act for permission to file a late claim. Claimant Patricia Buck (claimant) contends that the Court of Claims erred in denying her December 5, 1980 motion for leave to file an admittedly late proposed claim for damages due to alleged negligence in the supervision of her minor daughter, adjudged by the Greene County Family Court on February 7, 1979 to be a person in need of supervision. The child was placed in Vanderheyden Hall in Troy, New York, by the State Division for Youth for one year (thereafter extended by subsequent order). Claimant alleged that lack of proper supervision permitted the child to act improperly and promiscuously while in Vanderheyden Hall, and that after denying claimant's requests for visitation with her in South Carolina and with an aunt in Massachusetts, the Division for Youth granted the natural father's request for visitation with him in Arizona on December 18, 1979. The child never returned to New York and temporary custody was awarded to the father by the Arizona courts in July, 1979. The order should be affirmed. We note that granting a motion for leave to file an untimely claim (Court of Claims Act, § 10, subd 6) rests within the broad discretion of the Court of Claims (*Block v New York State Thruway Auth.,* 69 AD2d 930, 931). This court has recently held that the six absolute and specific requirements delineated in the statute are to be considered *among other factors,* and we may reverse decisions only when the "court's discretionary power has been clearly abused" (*Donovan v New York State Teachers' Retirement System,* 87 AD2d 664, 665). In *Malek v State of New York* (92 AD2d 659), we held that the list of enumerated factors contained in the statute is not exhaustive and the presence or absence of any one factor should not be deemed controlling. While it appears that the court granted the order without a written decision explaining its reasoning and basis, the order recited that the court gave due deliberation to the moving and opposing papers and oral argument of the Assistant Attorney-General and denied the motion because the claim is not meritorious. A claimant is charged with knowledge of the notice requirements (see *Bivas v State of New York,* 97 Misc 2d 524, 526; *Leibowitz v State of New York,* 82 Misc 2d 424, 427). Claimant's asserted inability to secure an attorney is no basis for delay in filing, nor has any other reasonable excuse been offered. Moreover, the court was correct in its finding that the claim is not meritorious. The allegations as to any breach of duty by defendant with respect to its failure to secure the child's return are so general and conclusory as to prevent discovery of the merits of the claim or the breach of any duty (cf. *Block v New York State Thruway Auth.,* 69 AD2d 930, *supra*). Nor was the Division for Youth barred by the Interstate Compact on Juveniles (L 1955, ch 155, § 1, and L 1981, ch 753, § 1) from permitting out-of-State visitation, which claimant herself requested on two previous occasions. The change in custody was concededly properly made by the Arizona court without allegation that the State failed to act properly in those proceedings. We find nothing in the record to demonstrate that the court clearly abused its discretion. Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.