■ RICHARD A. DE PAOLO, Appellant, v STATE OF NEW YORK et al., Respondents. — In a claim seeking damages for medical malpractice, claimant appeals from (1) an order of the Court of Claims (McCabe, J.), dated November 30, 1982, which denied his motion, *inter alia,* for leave to file his claim *nunc pro tunc,* (2) an order of the same court, also dated November 30, 1982, which granted the State's cross motion to dismiss the claim, and (3) an order of the same court, dated May 10, 1983, which denied claimant's motion for renewal of his prior motion. Orders dated November 30, 1982, reversed, on the law and the facts, without costs or disbursements, claimant's motion, *inter alia,* for leave to file his claim *nunc pro tunc* granted, and cross motion to dismiss the claim denied. Appeal from the order dated May 10, 1983, dismissed as academic, without costs or disbursements, in view of the determination of the appeals from the orders dated November 30, 1982. The denial of claimant's motion, *inter alia,* for leave to file his claim *nunc pro tunc* was an abuse of discretion. In making such a determination, the court must consider the six specific factors enumerated in subdivision 6 of section 10 of the Court of Claims Act. We find that claimant established the appearance of a meritorious claim, despite his failure to submit a medical affidavit. Claimant's medical records establish that he suffered from conditions which, according to the packaging literature of Motrin, should have precluded the use of the drug. Under these circumstances, the appearance of medical malpractice exists even without an affidavit of a medical expert. Claimant also showed that he had a reasonable excuse for the delay and that the State necessarily had knowledge of the essential facts underlying the claim. We find as well that the failure to timely

file the claim has not resulted in any substantial prejudice to the State. Finally, even at the time of the initial motion, it was apparent that claimant had no other available remedy, since any individual physician against whom he might bring suit was presumably an employee of the State Department of Correctional Services (Correction Law, § 24). Accordingly, claimant has in fact complied with all six factors required to be considered, and his motion should be granted. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.