■ In the Matter of JOSEPH BONAVENTURE et al., Appellants, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. —Weiss, J. Appeal from an order of the Court of Claims (Murray, J.), entered August 16, 1984, which denied claimants' applications pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

Claimants sustained personal injuries when the automobile in which they were passengers ran into the rear end of a New York State Thruway Authority salt spreader truck in the southbound lane of the Thruway in the Town of Plattekill, Ulster County, during a snow storm on April 6, 1982. Notices of intention to file claims against both the Thruway Authority and the State were properly and timely served and filed, as was the claim itself against the State. However, the claim against the Thruway Authority was improperly served in that

a copy was neither served upon the Attorney-General nor filed with the Clerk of the Court of Claims as is required to constitute proper service (Court of Claims Act § 11).

On June 6, 1984, after the two-year statutory period for commencement of a claim, claimants moved pursuant to Court of Claims Act § 10 (6) for leave to file a late claim against the Thruway Authority. The Court of Claims denied the motion and, upon reargument, adhered to its denial. This appeal ensued.

This court has recently reiterated that the "six absolute and specific requirements" set forth in Court of Claims Act § 10 (6) are to be considered among other facts, and that we will reverse decisions denying leave to file a late claim only when the court has clearly abused its discretionary power *(Simpson v State of New York,* 96 AD2d 646). "[T]he list of enumerated factors contained in [the statute] is not exhaustive and the presence or absence of any one factor should not be deemed controlling" *(id., Malek v State of New York,* 92 AD2d 659). These principles in mind, we hold that the Court of Claims did not abuse its discretionary power. Examination of the record demonstrates that the court considered each of the elements in section 10 (6). Because the court found that the delay and the claims were not meritorious, we cannot say that the court clearly abused its discretion in refusing permission to file a late claim. Contrary to claimant's suggestion, the Court of Claims did not suggest that the tender of a reasonable excuse for the delay in filing was a precondition to the requested relief *(see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys.,* 55 NY2d 979, 981). Indeed, the excuse proffered for the improper filing was inadequate *(cf. Reinmuth v State of New York,* 65 AD2d 648).

Significantly, claimants are not left without a viable remedy. They have obtained jurisdiction over the State, and have a potential tort action against the driver of the car in which they were passengers *(cf. De Paolo v State of New York,* 99 AD2d 762, 763). Claimants' contention that the Court of Claims improperly considered the separate action involving claimant Marie Bonaventure is not borne out by the record. While her request for permission to file a late claim was denied in that action, the record shows that the court considered the prior proceedings only for purposes of noting the affidavit of the driver of claimants' car, which indicated that he failed to see the warning lights on the Thruway Authority's truck. Nor were the claims against the State and the Thruway Authority so similar as to vitiate the improper filing.

The claim against the State focused on the negligent construction and maintenance of the highway, while that against the Thruway Authority was couched in terms of negligent operation of the truck. Moreover, the Thruway Authority is an autonomous public corporation separate and distinct from the State *(Cantor v State of New York,* 43 AD2d 872, 873). Thus, service on one is not necessarily service on the other.

Considering all these factors, without according undue significance to any factor in particular, we find the decision to preclude a late filing within the Court of Claims discretion.

Order affirmed, without costs. Weiss, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to reverse in the following memorandum by Levine, J. Levine, J. (dissenting). We respectfully dissent. Of the six statutory factors required to be considered on an application for permission to file a late claim (Court of Claims Act § 10 [6]), the Court of Claims relied on only two in exercising its discretion to deny the motion, namely, the absence of an adequate excuse for the delay and the lack of a meritorious claim. Clearly, under the facts and procedural circumstances, the State and the Thruway Authority had adequate notice and opportunity to investigate and were not otherwise prejudiced by the late filing. As to the availability of any other remedies, given the seriousness of claimants' injuries and without more detailed factual information as to the basis which claimants intend to rely upon to hold the State liable, it cannot be said definitively that this factor preponderates against claimants. Nor did the Court of Claims so find.

Regarding claimants' showing of merit, an affidavit of one of the claimant-passengers states that the Thruway Authority truck was stopped half on the shoulder and half in the right lane of the two southbound lanes of the Thruway and that the left lane was impassable because of the accumulation of snow from the storm. The affidavit at least implies that the truck's warning lights or flashers were either not on or were not adequate to give sufficient advance warning that the vehicle was partly obstructing the only available southbound driving lane of the Thruway at the time and place the accident occurred. Such an obstruction of the highway was sufficiently hazardous under the circumstances to support a finding of negligence *(see, Reinmuth v State of New York,* 65 AD2d 648; *King v State of New York,* 56 AD2d 964; *Kelley v State of New York,* 24 AD2d 831, *affd* 21 NY2d 901).

The facts set forth in the foregoing affidavit were not inherently improbable or otherwise conclusively refuted, and it was erroneous for the Court of Claims to have rejected it by, in effect, weighing it against other evidence and suppositions.

Thus, the only one of the six statutory factors of section 10 (6) which favored the Thruway Authority was the lack of an adequate excuse for the failure to file a timely claim. Since this single factor is not sufficient by itself to be determinative on a motion for permission to file a late claim *(Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys.,* 55 NY2d 979, 981), it was an abuse of discretion for the Court of Claims to have denied claimants' application. Accordingly, its order should be reversed, claimants' motion granted and the matter remitted for further proceedings consistent herewith.