■ In the Matter of PATRICIA M. BERRY, Individually and as Guardian ad Litem of LANA B. BERRY, et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Harvey, J. Appeal from an order of the Court of Claims (Murray, J.), entered September 25, 1984, which denied claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

The instant claim arises out of an incident which occurred early in the morning on May 3, 1981 in Banks Hall, a dormitory located on the campus of respondent State University of New York at Plattsburgh (State University). An occupant of the room in which claimant Lana Beth Berry had been sleeping awoke to find the young woman having convulsions and experiencing difficulty in breathing. Campus security personnel were summoned and an ambulance was also called. The record reflects that the local hospital ambulance arrived at the dormitory within minutes after the call. Upon its arrival, ambulance personnel attempted to administer

emergency medical assistance to Lana Berry and then removed her to the local hospital less than a mile away.

On May 1, 1984, claimants moved for permission to file a late notice of claim, alleging negligence on the part of the State University as a contributing factor to the development and continuance of Lana Berry's physical disabilities. Claimants' excuse for the delay in filing the claim was the brain damage which Lana Berry suffered following the incident. It is undisputed, however, that Lana Berry's parents, on their behalf and on behalf of their daughter, retained legal services on June 1, 1982. In his affidavit, claimants' attorney stated that he immediately began an investigation which continued until he made the motion for permission to file the late notice. The Court of Claims denied the motion, finding that the delay was inexcusable; that the delay prejudiced the State; that the supporting papers were entirely insufficient to indicate the meritorious nature of the claim; and that claimants have commenced an action in Supreme Court against Champlain Valley Physicians Hospital for the same damages. We conclude that the factors considered by the Court of Claims were those set forth in Court of Claims Act § 10 (6) (see, De Paolo v State of New York, 99 AD2d 762; Malek v State of New York, 92 AD2d 659).

Although claimants' attorney stated that the case was under investigation for nearly two years, the work product in the form of a proposed notice of claim was so vague that it would alert no one as to the nature of the complaint against the State University and the part the State's negligence played in causing the physical condition of which claimants complain. From reading all of the allegations, the court can only surmise that Lana Berry brought on her convulsions by the use of drugs or alcohol or a combination of the two. We assume that claimants' theory for a claim against the State was that an earlier application of medical emergency measures would have lessened the results of the self-imposed condition. The State should not now be forced to endeavor to investigate what it can only surmise as being the nature of the claim.

We conclude that the Court of Claims denial of the motion for permission to file a late claim was a proper exercise of its discretion (see, Block v New York State Thruway Auth., 69 AD2d 930).

Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.