■ In the Matter of WILLIAM SEVILLA, Appellant, v STATE OF NEW YORK, Respondent.—Harvey, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered June 3, 1986, which denied petitioner's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

The instant case involves an application to file a late claim in the Court of Claims by petitioner, an inmate at Elmira Correctional Facility in Chemung County. The substance of petitioner's proposed claim is that he was confined to a special housing unit in violation of the regulations of the Department of Correctional Services. The Court of Claims denied petitioner's application for permission to file a late claim and petitioner now appeals.

We affirm. It is well settled that an order of the Court of Claims denying permission to file a late notice of claim lies

within the broad discretion of the court and should not be disturbed unless there is a clear abuse of discretion *(see, Simpson v State of New York,* 96 AD2d 646). In deciding such an application, the Court of Claims is charged with considering the enumerated factors contained in Court of Claims Act § 10 (6), as well as any other relevant factors brought to the court's attention *(see, Rosenhack v State of New York,* 112 Misc 2d 967, 968). Here, the court found that (1) petitioner's argument that his delay in filing was excusable because of limited access to legal material and his inability to obtain counsel was legally insufficient, (2) the proposed claim did not have the appearance of merit, and (3) petitioner had other remedies available to him to redress his wrongs *(see,* Court of Claims Act § 10 [6]).

Upon review of the Court of Claims' decision, we disagree with its determination that petitioner's claim has no appearance of merit. However, we agree with the court's findings that petitioner's excuse for his late filing was insufficient *(see, Simpson v State of New York,* 96 AD2d 646, *supra)* and that the denial of petitioner's application did not leave him without an adequate alternative remedy *(see, Arteaga v State of New York,* 72 NY2d 212, 221). Since the presence or absence of any of the factors contained in Court of Claims Act § 10 (6) should not be viewed as controlling *(see, Simpson v State of New York, supra),* we do not find that the court abused its discretion in this instance by denying petitioner's application.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.