■ In the Matter of GORDON DONALDSON et al., Respondents, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered December 27, 1989, which granted claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

On or about October 2, 1987, claimant Gordon Donaldson, a mason, allegedly sustained injuries during the course of his employment when lumber and plastic sheeting blew off the roof of a building adjacent to where he was working at Southport Correctional Facility in Chemung County. Donaldson was employed by Dick International, a construction company performing work at the facility pursuant to a contract with the State. On March 13, 1989, more than 17 months after the accident, claimants made application to the Court of Claims for permission to file a late claim against the State. In their proposed claim, claimants sought damages for personal injuries and derivative losses resulting from the State's alleged negligence in failing to provide Donaldson with a safe

place to work in violation of the Labor Law. The Court of Claims granted claimants' application and this appeal by the State followed.

There should be an affirmance. A determination by the Court of Claims as to whether to grant permission to file a late notice of claim is one which lies within the court's broad discretion and should not be disturbed absent a clear abuse of that discretion (see, Matter of Sevilla v State of New York, 145 AD2d 865, 865-866, lv denied 74 NY2d 601; Simpson v State of New York, 96 AD2d 646; Donovan v New York State Teachers' Retirement Sys., 87 AD2d 664, 665). In arriving at such a determination, the Court of Claims is required to consider, among other factors, those enumerated in Court of Claims Act § 10 (6), no one factor being controlling (see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys., 55 NY2d 979, 981; Simpson v State of New York, supra). After reviewing the relevant factors in this case, the Court of Claims concluded that, on balance, they weighed in claimants' favor. On this appeal, the State contends that the court abused its discretion by failing to properly weigh the factors, particularly with regard to prejudice. We disagree.

While we recognize that prejudice is more likely to result where a claim, such as the one here, involves conditions which are transitory in nature (see, Matter of Garguiolo v New York State Thruway Auth., 145 AD2d 915, 916; Malek v State of New York, 92 AD2d 659, 660), the State in this case has failed to sustain its contention that it was substantially prejudiced by the changing conditions at the construction site (see, Calzada v State of New York, 121 AD2d 988, 990). Nor is it clear that the State was prejudiced by the lack of actual notice of Donaldson's injuries, as there is some indication in the record that it "had notice of the essential facts constituting the claim" (Court of Claims Act § 10 [6]). Notably, the record contains a State inspector's report which refers to a temporary roof being blown from a classroom on October 2, 1987. Further, Donaldson states in his affidavit that within the 90-day period following the accident, he gave a statement regarding the details of the accident to a representative from CNA Insurance Company, the workers' compensation and liability insurance carrier for Dick International, which in turn is contractually obligated to defend and indemnify the State against claims arising out of the subject construction project. In view of these facts, we cannot conclude that the Court of

Claims abused its discretion in granting claimants permission to file a late notice of claim.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.