■ In the Matter of ANTONIO CARVALHO et al., Respondents, v STATE OF NEW YORK, Appellant.—In an application pursuant to Court of Claims Act § 10 (6) for leave to file a late claim, the State of New York appeals from an order of the Court of Claims (Blinder, J.), dated December 28, 1989, which, upon renewal, granted the application.

Ordered that the order is affirmed, with costs.

Court of Claims Act § 10 (6) permits the late filing of a claim, in the court's discretion, upon consideration of certain enumerated factors. No one factor is considered to be determinative *(see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.,* 55 NY2d 979). Contrary to the finding of the Court of Claims, we conclude that the claimants failed to offer an acceptable excuse for their delay in filing the claim. However, the majority of the factors within Court of Claims Act § 10 (6) can be resolved in the claimants' favor. Under the circumstances of this case, the determination to grant them permission to file a late claim was not an improvident exercise of discretion *(see, e.g., DeFilippis v State of New York,* 157 AD2d 826; *Thompson v State of New York,* 130 AD2d 486). The

claimant Antonio Carvalho was injured while employed on a construction project on the Belt Parkway. The State did not dispute the claimants' allegations that it had notice of the facts underlying the claim and an opportunity to investigate, nor did the State demonstrate any prejudice due to the late claim. Furthermore, the claimants' submissions were sufficient, at this stage of the proceedings, to establish that they have a meritorious cause of action based on Labor Law § 200 (1) *(see, Matter of Dillon v State of New York,* 167 AD2d 574). Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.