■ In the Matter of TIMOTHY J. GAVIGAN, Respondent, v STATE OF NEW YORK, Appellant.—Weiss, J. Appeal from an order of the Court of Claims (Lyons, J.), entered October 23, 1990, which granted claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

The State contracted with Horizon Roofing & Sheet Metal, Inc. to install a new roof on the Saratoga Performing Arts Center in Saratoga County, which the State owns. On April 17, 1989, claimant, a Horizon employee, sustained serious

---

personal injuries in an accident which occurred while he was pushing a wheelbarrow loaded with debris down a rampway made of two planks which led from a higher level to a lower level of the roof. Claimant avers that the rampway was improperly constructed and maintained and had an accumulation of slippery substances on the surface, thereby making the State liable as an owner for violations of Labor Law §§ 200, 240 and 241. Claimant did not file a notice of intention to file a claim or a claim proper within 90 days after the accident as required by statute (Court of Claims Act § 10 [3]). By orders made May 29, 1990 and August 2, 1990, the Court of Claims denied separate motions for leave to file a late notice of claim, each without prejudice, the former for failure to demonstrate that the claim had merit and the latter because claimant failed to set forth the reasons which caused him to slip and fall. The court thereafter granted a third such motion, however, finding that enough of the factors delineated in Court of Claims Act § 10 (6) were present to support its decision. This appeal by the State followed.

A determination by the Court of Claims to grant or deny a motion for permission to file a late notice of claim lies within the broad discretion of that court and should not be disturbed absent a clear abuse of that discretion *(Matter of Donaldson v State of New York,* 167 AD2d 805; *see, Musto v State of New York,* 156 AD2d 962; *Matter of Bonaventure v New York State Thruway Auth.,* 114 AD2d 674, 675, *affd* 67 NY2d 811). While the court must consider the six factors delineated in Court of Claims Act § 10 (6), those factors are not exhaustive and the presence or absence of any one factor is not controlling *(Matter of Donaldson v State of New York, supra,* at 806; *Matter of Bonaventure v New York State Thruway Auth., supra,* at 675; *see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.,* 55 NY2d 979, 981; *Malek v State of New York,* 92 AD2d 659).

The record in this case shows that the Court of Claims identified and considered each of the factors in the statute. It is true that the court resolved against claimant the absence of a reasonable excuse for the delay. It also found entitlement to benefits under the Workers' Compensation Law to be an available alternate remedy and that claimant had failed to provide information with respect to the adequacy or inadequacy of those benefits. Additionally, the court held that notice to the workers' compensation insurance carrier and its investigation into the facts of the accident did not constitute

notice to the State. However, the record shows that Joseph Ewart, an employee of the State Office of General Services holding the title of Senior Superintendent of Construction, whose "job is to check work being performed by contractors for compliance with contract documents and to process payments", admitted in an affidavit that he had been told of the accident on the day it happened. The Court of Claims held that Ewart and the Office of General Services were chargeable with knowledge of the State's responsibility as owner under the Labor Law for workers' safety and potential owner's liability and ruled that the notice to Ewart was sufficient to warrant further investigation, thus obviating any prejudice which might flow from the delay in filing the notice of intention to file a claim. Finally, the court concluded that the claim had merit because of the contentions focused on the nature of the rampway, its slippery condition and the absence of handrails.

As urged in claimant's brief, it is no secret that Horizon, as his employer, was required under the contract documents to provide liability insurance to protect the State. Claimant contends that Ewart, as the State's personal representative in charge of the construction, was obligated to give notice to the State's insurance carrier which could have fully investigated the accident in a timely manner despite the transitory nature of the construction site (see, *Matter of Garguiolo v New York State Thruway Auth.*, 145 AD2d 915, 916), again obviating any prejudice from the delay in filing.

In view of these facts, we cannot conclude that the Court of Claims abused its discretion in granting claimant's motion.

Mahoney, P. J., Casey and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.