■ In the Matter of EDWIN M. SOBLE, III, et al., Appellants, v STATE OF NEW YORK, Respondent.—Crew III, J. Appeal from an order of the Court of Claims (Bell, J.), entered March 4, 1992, which denied claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On July 22, 1990 claimant Edwin M. Soble, III attempted to descend a waterfall known as Sliding Rock, located in the Five Ponds Wilderness area of the Adirondack Forest Preserve. Soble, who attempted his descent by sitting on a boat cushion, struck a rock and fractured his spine. On or about September 26, 1991, Soble and his spouse moved for permission to file a late notice of claim in accordance with Court of Claims Act § 10 (6). The Court of Claims denied the motion finding, *inter alia,* that the proposed claim lacked merit. This appeal by claimants followed.

We affirm. It is well settled that the decision to grant or deny a motion for permission to file a late notice of claim lies within the broad discretion of the Court of Claims and should not be disturbed absent a clear abuse of that discretion *(see, Matter of Gavigan v State of New York,* 176 AD2d 1117, 1118; *Matter of Donaldson v State of New York,* 167 AD2d 805, 806; *Calco v State of New York,* 165 AD2d 117, 119, *lv denied* 78 NY2d 852). Although the court is required to consider the six factors set forth in Court of Claims Act § 10 (6), no single factor is deemed controlling *(Matter of Gavigan v State of New York, supra,* at 1118; *see, Bay Terrace Coop. Section IV v New York State Empls. Retirement Sys. Policemen's & Firemen's Retirement Sys.,* 55 NY2d 979, 981; *Matter of Carvalho v State of New York,* 176 AD2d 317).

We acknowledge that where the majority of the statutory factors may be resolved in a claimant's favor, permission to file a late notice of claim is usually granted *(see generally, Matter of Carvalho v State of New York, supra).* Here, however, claimants concede that they have failed to offer an acceptable excuse for their delay in filing the claim and we

are of the view that the claim itself is of questionable merit. Under these circumstances, we cannot say that the Court of Claims abused its discretion in denying claimants' application *(see, Cabral v State of New York,* 149 AD2d 453, 453-454; *Prusack v State of New York,* 117 AD2d 729, 729-730).

Weiss, P. J., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.