■ ALAN LEDET, Individually and as Parent and Natural Guardian of MARISSA LEDET, an Infant, et al., Respondents, v STATE OF NEW YORK, Appellant. [616 NYS2d 831] —Order unanimously affirmed without costs. Memorandum: The State of New York contends that the Court of Claims abused its discretion in granting the application of claimants for leave to file a late notice of claim pursuant to Court of Claims Act § 10 (6). We disagree. "A determination by the Court of Claims to grant or deny a motion for permission to file a late notice of claim lies within the broad discretion of that court and should

not be disturbed absent a clear abuse of that discretion" *(Matter of Gavigan v State of New York,* 176 AD2d 1117, 1118; *see, Matter of Donaldson v State of New York,* 167 AD2d 805, 806; *Matter of Bonaventure v New York State Thruway Auth.,* 114 AD2d 674, 675, *affd* 67 NY2d 811). Moreover, although the court must consider the six factors enumerated in Court of Claims Act § 10 (6), those factors are not exhaustive and the presence or absence of any one factor is not controlling *(see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.,* 55 NY2d 979, 981; *Matter of Gavigan v State of New York, supra,* at 1118). The record establishes that the court properly identified and considered each of the enumerated statutory factors. Although the court determined that consideration of the first three factors weighed against claimants, it determined that consideration of the last three factors weighed in their favor. (Appeal from Order of Court of Claims, Margolis, Israel, J.— Notice of Claim.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.