■ In the Matter of KEVIN THOMAS, Appellant, v STATE OF NEW YORK, Respondent. [714 NYS2d 699] —Cardona, P. J. Appeal from an order of the Court of Claims (King, J.), entered March

---

18, 1999, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant, an inmate, alleges that he was denied the opportunity to exercise and improperly confined to his cell beyond the period of confinement imposed as a result of a disciplinary proceeding in the fall of 1997. More than a year later, claimant applied for permission to file a late notice of claim. Finding claimant's excuse for the delay inadequate and the proposed claim lacking the appearance of merit, the Court of Claims denied the application resulting in this appeal.

"It is well settled that the decision to grant or deny a motion for permission to file a late notice of claim lies within the broad discretion of the Court of Claims and should not be disturbed absent a clear abuse of that discretion" (*Matter of Soble v State of New York*, 189 AD2d 970). "In making its decision, the court must consider the factors enumerated in Court of Claims Act § 10 (6) and no single factor is deemed controlling" (*Matter of Duffy v State of New York*, 264 AD2d 911, 912; *see*, *Matter of Donaldson v State of New York*, 167 AD2d 805, 806). The discretionary denial of such an application will not be disturbed when the record does not disclose an adequate excuse for the delay and the claim itself is of questionable merit (*see*, *Matter of Duffy v State of New York*, supra; *Matter of Soble v State of New York*, supra).

Claimant's conclusory allegation regarding his lack of access to the law library and legal assistance is insufficient to establish an excuse for his lengthy delay (*see*, *Matter of Sevilla v State of New York*, 145 AD2d 865, *lv denied* 74 NY2d 601), as is his inconsistent allegations that, while admittedly physically able to participate in recreation, he was undergoing treatment for colon cancer which restricted his movement (*see*, *Matter of Duffy v State of New York*, supra). With regard to the appearance of merit, claimant's motion papers do not adequately demonstrate that the 90-day confinement to his cell was not, in fact, authorized by the disciplinary determination. Furthermore, claimant's conclusory allegation that he was deprived of recreation is insufficient to establish the appearance of merit regarding his negligence claim. Accordingly, we find no reason to disturb the order of the Court of Claims.

Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.