[731 NYS2d 195]

In the Matter of UNIGARD INSURANCE GROUP, Respondent, v STATE OF NEW YORK, Appellant.

*Second Department, October 9, 2001*

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General*, New York City (*Peter H. Schiff* and *Michael S. Buskus* of counsel), for appellant.

*Finder & Cuomo, L. L. P.,* New York City (*Suzanne L. Smith* of counsel), for respondent.

## OPINION OF THE COURT

Cozier, J.

The instant proceeding presents this Court with issues of first impression: whether the service of a motion for leave to serve and file a late notice of claim is governed by CPLR 2103, and whether a motion for such relief is timely made where the motion was filed and mailed before the expiration of the applicable Statute of Limitations, but received after the expiration of such period. There is apparently no controlling case law which explicitly addresses these issues.

The claimant, Unigard Insurance Group (hereinafter Unigard), seeks to recover the amount it paid to its insured, Carol Ann Schroer (hereinafter Schroer) as damages for injury to personal property. On May 19, 1997, a vehicle owned by the New York State Department of Environmental Conservation (hereinafter the DEC) was involved in a collision with a vehicle driven and owned by Schroer. During the accident, the DEC vehicle struck a utility pole owned by the Long Island Lighting Company (hereinafter LILCO). LILCO filed a notice of claim against the State of New York (hereinafter the State) on August 11, 1997. Schroer also filed a notice of claim against the State. Unigard sent a letter dated January 2, 1998, to the State's insurance representative, wherein Unigard provided the file regarding Schroer's May 1997 motor vehicle accident. Unigard also sent the State a subrogation notice, dated August 9, 1997.

By notice of motion dated May 18, 2000, Unigard moved for leave to serve and file a late notice of claim against the State with respect to its subrogation claim for property damage to the Schroer vehicle. Unigard mailed a copy of the motion to the Attorney General by certified mail, return receipt requested, on May 18, 2000. The motion was filed with the Clerk of the Court of Claims on May 19, 2000, and was received by the Attorney General's office on May 22, 2000. The Statute of Limitations expired on May 19, 2000 (*see*, CPLR 214 [4]).

The Court of Claims granted Unigard's motion, finding that Unigard's service on the Attorney General was completed upon

the mailing of its motion on May 18, 2000 (*see*, CPLR 2103), and thus, the motion was timely made. The Court of Claims determined that motions to file late notices of claim were similar to "generic motions" rather than to summonses and complaints, and that the language of CPLR 2103 was designed to "distinguish between the particular requirements for service of process of a summons and complaint and the subsequent service of papers on a party's attorney." The Court of Claims also determined that the State would not be prejudiced by the grant of the motion since the State had notice of the accident less than three months after its occurrence and presumably was required to defend the State driver in the LILCO and Schroer actions.

Court of Claims Act § 10 (3) provides that a claimant shall file a notice of claim within 90 days after the accrual of a claim to recover damages for injury to the person or property, which is caused by the negligence of a State officer or employee. Court of Claims Act § 11 (a) (i) states, in pertinent part, that:

> "[t]he claim shall be filed with the clerk of the court; and * * * a copy shall be served personally or by certified mail, return receipt requested, upon the attorney general within the times hereinbefore provided for filing with the clerk of the court * * * Service by certified mail, return receipt requested, upon the attorney general shall not be complete until the claim * * * is received in the office of the attorney general."

While Court of Claims Act § 11 governs the filing and service of a notice of claim, there is no provision in the Court of Claims Act which governs the service of motions for leave to file a late notice of claim. In addition, the Uniform Rules for the Court of Claims do not specifically provide for the service of motions for leave to file a late notice of claim. 22 NYCRR 206.1 (c) provides that matters not covered by the Uniform Rules or the Court of Claims Act shall be governed by the CPLR.

CPLR 2103 authorizes the service of papers upon a party "in a pending action" by the mailing of such papers to the party's attorney at the address designated by the attorney for such purpose. Service of a notice of claim, which is a condition precedent to the commencement of an action against the State and is complete upon delivery to the Attorney General, is analogous to the service of a summons and complaint. In contrast, a motion for leave to file a late notice of claim is in the nature of a generic motion, in that it is an application for an order

which seeks certain relief. Here, service of the instant motion is analogous to the service of papers "in a pending action." Therefore, inasmuch as CPLR 2103 governs the service of papers "in a pending action," including the service of motion papers, the Court of Claims properly determined that service was complete upon mailing and that the motion was timely filed.

Moreover, the Court of Claims providently exercised its discretion in granting the motion for leave to serve and file a late notice of claim since the State had knowledge of the essential facts constituting the claim and had an opportunity to investigate (*see*, Court of Claims Act § 10 [6]; *Matter of Carvalho v State of New York,* 176 AD2d 317; *cf., Holly v State of New York,* 191 AD2d 678).

Accordingly, the order is affirmed.

RITTER, J. P., ALTMAN and MCGINITY, JJ., concur.

Ordered that the order is affirmed, with costs.