*427 The Court of Claims providently exercised its discretion in denying claimants’ motion (see generally Matter of Soble v State of New York, 189 AD2d 970 [3d Dept 1993]). Petitioners failed to demonstrate a reasonable excuse for their failure to file a timely notice of claim since they did not provide a physician’s affidavit or hospital records to document claimant Frederick Mittermeier’s alleged period of convalescence or explain why he could not otherwise contact an attorney (see Matter of Magee v State of New York, 54 AD3d 1117 [3d Dept 2008]; Cabral v State of New York, 149 AD2d 453 [2d Dept 1989]), Moreover, claimants failed to dispute the allegation that Frederick called the campus police to request a copy of the incident report three days after his accident and that he physically appeared at the campus police’s office and retrieved the incident report four days after the accident (see e.g. Matter of Thomas v State of New York, 272 AD2d 650, 651 [3d Dept 2000]).
Contrary to claimants’ contention, the fact that Frederick called the campus police and notified them of his injuries does not demonstrate that defendant acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual. Claimants may not rely on the incident report to impute notice to defendant of the accident because it made no mention of the allegedly defective condition in the sidewalk that caused Frederick to trip and fall as set forth in the proposed notice of claim (see Quilliam v State of New York, 282 AD2d 590 [2d Dept 2001]).
We have considered petitioners’ remaining contentions and find them unavailing. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.