# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1176
CA 15-00171
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

LARRY LANGE, CLAIMANT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.

---

DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR CLAIMANT-APPELLANT.

LAW OFFICES OF JOHN WALLACE, BUFFALO (VALERIE BARBIC OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered September 15, 2014. The order denied the motion of claimant for permission to file a late claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We reject claimant's contention that the Court of Claims erred in denying his motion seeking permission to file a late claim against defendant based upon its alleged negligence and violation of Labor Law §§ 200 and 241 (6). " 'Court of Claims Act § 10 (6) permits a court, in its discretion, upon consideration of certain enumerated factors, to allow a claimant to file a late claim' " (*Matter of Smith v State of New York*, 63 AD3d 1524, 1524). "Moreover, although the court must consider the six factors enumerated in Court of Claims Act § 10 (6), those factors are not exhaustive and the presence or absence of any one factor is not controlling" (*Ledet v State of New York*, 207 AD2d 965, 966). Here, the court considered the enumerated statutory factors and concluded that none weighed in favor of claimant. While we conclude that three of the factors favor claimant, i.e., notice, opportunity to investigate and lack of substantial prejudice to defendant, we decline to disturb the court's exercise of discretion, inasmuch as the record supports the court's determination that "the excuse offered for the delay is inadequate and the proposed claim is of questionable merit" (*Matter of Perez v State of New York*, 293 AD2d 918, 919; *see Matter of Magee v State of New York*, 54 AD3d 1117, 1118).

Entered:  November 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court