Casey v State of New York (2018 NY Slip Op 03120)





Casey v State of New York


2018 NY Slip Op 03120


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-09034

[*1]Michael Casey, respondent, 
v
State of New York, appellant.


Eric T. Schneiderman, Attorney General, New York, NY (Anisha S. Dasgupta, Bethany A. Davis Noll, David S. Frankel, and Linda Fang of counsel), for appellant.
La Sorsa & Beneventano, White Plains, NY (Gregory M. La Sorsa of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Thomas H. Scuccimarra, J.), dated June 20, 2016. The order granted the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6) is denied.
On April 20, 2013, the claimant allegedly was seriously injured when his motorcycle skidded off the roadway and struck a guardrail on the grassy median on the Taconic State Parkway in Westchester County. The police accident report prepared by the responding New York State Trooper on April 26, 2013, stated that the claimant was "traveling southbound on the Taconic State Parkway in the left lane when for an unknown reason he loses control." By notice of motion dated February 1, 2016, the claimant moved pursuant to Court of Claims Act § 10(6) for leave to file a late claim, alleging that, inter alia, the State of New York was negligent in allowing a dangerous and hazardous condition to exist on the roadway, in failing to properly patch the roadway, in failing to properly place the guardrail, and in failing to follow proper guidelines, rules, and regulations. In the order appealed from, the Court of Claims granted the motion. The State appeals.
Court of Claims Act § 10(3) requires that a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the state must be served upon the attorney general within 90 days after the accrual of such claim. However, "Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). The enumerated factors are whether the delay in filing was excusable, the State had notice of the essential facts constituting the claim, the State had an opportunity to investigate the circumstances underlying the claim, the claim appears to be meritorious, the State is prejudiced, and the claimant has any other available remedy (see Court of Claims Act § 10[6]; Borawski v State of New York, 128 AD3d 628, 628-629). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Morris v Doe, 104 AD3d 921).
The claimant failed to demonstrate a reasonable excuse for the more than two-year and six-month delay in seeking leave to file a late claim. His hospitalization and rehabilitation accounted for only five months of the delay (see Matter of Magee v State of New York, 54 AD3d 1117, 1118; Klinger v State of New York, 213 AD2d 378, 379; Musto v State of New York, 156 AD2d 962). The claimant asserts that the further delay was caused by his attorney's extensive investigation of this matter. His attorney's failure to timely and properly investigate the claim, in effect, constitutes law office failure, which is not an acceptable excuse (see Almedia v State of New York, 70 AD2d 712, 713; Brennan v State of New York, 36 AD2d 569; Fenimore v State of New York, 28 AD2d 626).
The claimant failed to demonstrate that the State had notice of the essential facts constituting his claim that his injuries were caused, inter alia, by a defect in the roadway and the improper placement of the guardrail. The police accident report filed with the New York State Department of Motor Vehicles, which did not connect the accident with any negligence on the part of the State, was insufficient to provide the State with notice of the essential facts constituting the claim (see Matter of D'Agostino v City of New York, 146 AD3d 880, 881; Quilliam v State of New York, 282 AD2d 590, 591; see also Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Caselli v City of New York, 105 AD2d 251, 255).
The claimant failed to demonstrate that the State had an opportunity to investigate the road condition as it existed at the time of the accident, and acknowledged that no accident reconstruction was performed (see Nicometti v State of New York, 144 AD2d 1036; cf. Matter of Carvalho v State of New York, 176 AD2d 317). Furthermore, he failed to sustain his initial burden of demonstrating that the State would not be substantially prejudiced if the motion were granted more than two years and nine months after his accident, given the lack of timely notice of the claim, the lengthy delay in serving this motion, the transitory nature of the alleged roadway defect, and the admittedly changed condition of the roadway defect (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 29 NY3d 455, 466; Matter of Khalid v City of New York, 91 AD3d 779, 780; Nicometti v State of New York, 144 AD2d at 1037).
Moreover, the claimant failed to set forth a potentially meritorious cause of action (see Yarborough v City of New York, 10 NY3d 726, 728; Fowle v State of New York, 187 AD2d 698; Goldstein v State of New York, 75 AD2d 613).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the claimant's motion for leave to file a late claim.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court