### (April 5, 1979)

■ EDWARD MAPP, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60998.)—Appeal from an order of the Court of Claims, entered February 17, 1978, which denied plaintiff's motion for summary judgment and directed defendant to accord plaintiff certain discovery rights. The claimant, a prisoner at the Clinton Correctional Facility, has filed a claim against the State seeking money damages for alleged injuries from an alleged over-exposure to radiation as a result of X-ray treatments during his confinement at various prisons. He has proceeded without legal counsel in pursuit of his claim and in response to a motion for discovery and inspection of documents, the Court of Claims entered the order appealed from which: 1. Ordered that the claimant be permitted to examine and inspect certain medical and clinical records and X rays; 2. Ordered that the State make a stenographic record of the discovery proceedings and provide a copy thereof to the claimant; 3. Ordered that the State at its expense provide the claimant with copies of his medical and clinical records. Upon this appeal

the State submits that the Court of Claims was without jurisdiction to order an examination before trial because the claimant had never moved for such relief (Court of Claims Act, § 17). An examination of the claimant's various applications to the court for summary judgment and the disclosure of documents establishes that the claimant did not submit a separate application for an examination before trial. However, the transcript of the calendar call of October 18, 1977 reveals that the State by its representative requested the court to proceed and requested that the court grant it an examination before trial of the claimant at the same time his examination of the State was to be held. It is apparent that the State at the proceedings held October 18, 1977 did not object to the Court of Claims interpretation of the motion before it as including an examination before trial and any procedural objection was waived. Accordingly, the State has not established any lack of jurisdiction on the part of the Court of Claims based upon the lack of a proper motion. The order appealed from merely implements the prior order of October 18, 1978. The State also submits that the trial court erred in even considering the claimant's motion because of a prior order issued by a different Judge; however, this is completely without merit. The State contends that the Court of Claims exceeded its powers when it imposed the expense upon the State for a stenographer and a transcript and/or the expense of copying documents. In this connection, it should be noted that the State has now waived *its* right to conduct an examination before trial of the claimant. In regard to the examination before trial, section 18 of the Court of Claims Act expressly requires that when testimony is to be taken by deposition at the claimant's request, the claimant must pay the expenses. CPLR 101 limits its application to those courts where procedure is not regulated by an inconsistent statute. Accordingly, the Court of Claims erred insofar as it ordered the State to provide stenographic services pursuant to the provisions of CPLR 3103 and 3116 (subd [d]) for the benefit of the claimant in conducting his examination before trial of the State. The claimant has not applied for relief pursuant to the special provisions applicable to poor persons in CPLR article 11 and such provisions are not at issue herein. There are no available statutory provisions which would support the Court of Claims assessment of any expenses against the State and so much of its present order as does so direct must be reversed. Finally, the foregoing discussion related to assessing fees and costs against the State for the expense of copying records and providing stenographic services is not intended to prohibit an examination before trial or to determine what, if any, expenses are to be allocated to a claimant if held in front of a Judge of the Court of Claims as provided in subdivision 2 of section 17 of the Court of Claims Act. Order modified, on the law and the facts, by striking so much thereof as directs the State to produce a stenographer and/or pay any expenses and by striking so much thereof as required the examination before trial and/or the discovery and inspection to be performed on or before May 3, 1978; matter remitted to the Court of Claims with directions to set a new date for the proceedings, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.