■ DARIUS GITTENS, Respondent, v STATE OF NEW YORK, Appellant.—Weiss, J. Appeal from that part of an order of the Court of Claims (Orlando, J.), entered September 20, 1990, which granted claimant's motion for discovery and inspection and required the State to pay for the expense of photocopies.

Claimant, an inmate at Clinton Correctional Facility in Clinton County, sought to compel discovery and inspection of documents in this suit against the State for monetary damages arising out of alleged harassment and negligence. Although he had not sought poor person status, he did ask that he be provided with copies of the documents he sought pursuant to CPLR 3124. The Court of Claims granted the relief sought and required the State to furnish photocopies to claimant at State expense. The State has appealed that portion of the order which required photocopying without reimbursement, arguing that there was no authority for such requirement. We agree.

There is no general provision which requires the State to pay the litigation expenses in claims brought against it. Court of Claims Act § 27 specifically provides that, except in instances not here present, "costs, witnesses' fees and disbursements shall not be taxed * * * by the court to any party". Moreover, claimant is an inmate in a State correctional facility subject to a sentence of imprisonment. Civil Rights Law § 79 (3) and § 79-a (3) specifically provide that the State shall not be liable for any expense of, or related to, inmate

litigation and shall not be required to perform any services related thereto, particularly where, as here, poor person status has not been granted *(see, Mapp v State of New York,* 69 AD2d 911, 912).

Claimant essentially argues that the direction by the Court of Claims was a sanction. While disclosure can be compelled pursuant to CPLR 3124, that provision does not provide for sanctions *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3124:6, at 631). Accordingly, the order must be modified to remove the requirement that photocopying be at the State's expense.

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as required the State to pay for the expense of photocopying, and, as so modified, affirmed.