■ In the Matter of P.A., Appellant, v State of New York, Respondent. [716 NYS2d 423] —Rose, J. Appeal from an order of the Court of Claims (Marin, J.), entered April 5, 2000, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant, an inmate, alleges that he contracted HIV as a result of the State's negligence in placing him in a "double cell" with another inmate who, unbeknownst to him, was infected with the virus. Claimant alleges that he became infected with the disease as a result of having carelessly switched razors with his cellmate. He allegedly learned that he had contracted

the virus on September 5, 1998 and, more than a year later, applied for permission to file a late notice of claim. Finding, *inter alia*, claimant's excuse for the delay inadequate and the proposed claim lacking in merit, the Court of Claims denied the application resulting in this appeal.

It is well settled that the Court of Claims has broad discretion to grant or deny a motion for permission to file a late notice of claim after consideration of the factors enumerated in Court of Claims Act § 10 (6), and its decision will not be disturbed absent an abuse thereof (*see, Matter of Duffy v State of New York*, 264 AD2d 911; *Matter of E. K. v State of New York*, 235 AD2d 540, *lv denied* 89 NY2d 815). While no single factor is deemed controlling, "[t]he discretionary denial of such an application will not be disturbed when the record does not disclose an adequate excuse for the delay and the claim itself is of questionable merit" (*Matter of Thomas v State of New York*, 272 AD2d 650, 651; *see, Matter of Duffy v State of New York*, *supra*). Claimant's conclusory allegations regarding ignorance of the law, his medical condition and transfer to another facility are insufficient to establish an excuse for his delay in filing the claim (*see generally, Matter of Thomas v State of New York*, *supra*; *Matter of E. K. v State of New York*, *supra*).

With regard to the appearance of merit, we note that claimant failed to offer any expert medical opinion evidence to support his assertion that he contracted the virus from having switched razors with his unnamed cellmate (*see, Matter of E. K. v State of New York*, *supra*). Moreover, claimant failed to make the requisite showing that the State had either actual or constructive notice of the essential facts constituting the claim (*see, e.g., Riefler v State of New York*, 228 AD2d 1000), inasmuch as mandatory HIV testing of inmates is prohibited (*see*, Public Health Law § 2781 [1]) and there is no indication that the unnamed cellmate volunteered to be tested or informed prison officials of his HIV status. Accordingly, we find no reason to disturb the order of the Court of Claims.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.