■ In the Matter of ROBERTO PEREZ, Appellant, v STATE OF NEW YORK, Respondent. [742 NYS2d 140] —Rose, J. Appeal from an order of the Court of Claims (Marin, J.), entered January 11, 2000, which, inter alia, denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant, while an inmate at a state correctional facility in 1993, developed an ulceration of existing scar tissue on his right leg that was treated by state medical personnel until early 1997, when the ulcer was diagnosed as cancerous and surgically excised. On March 22, 1997, claimant filed a notice of intention to file a claim. In his claim, dated November 25, 1998, claimant alleged that the misdiagnosis and ineffectual treatment of this cancer resulted in deformity and permanent injury. Upon the State's motion, the Court of Claims dismissed the claim for claimant's failure to comply with the service requirements of Court of Claims Act § 11. Claimant then sought leave to file a late notice of claim. Finding the delay unexcused and the proposed claim lacking in merit, the Court of Claims denied the application, resulting in this appeal.

The Court of Claims has broad discretion to grant or deny an application for permission to file a late notice of claim after consideration of the factors enumerated in Court of Claims Act

§ 10 (6), and we will not disturb the denial of such an application when the excuse offered for the delay is inadequate and the proposed claim is of questionable merit (*see, Matter of Thomas v State of New York*, 272 AD2d 650, 651; *Matter of Duffy v State of New York*, 264 AD2d 911, 912; *Matter of E.K. v State of New York*, 235 AD2d 540, 541, *lv denied* 89 NY2d 815; *Matter of Soble v State of New York*, 189 AD2d 970, 970).

Here, after rejecting claimant's excuse based on his ignorance of the law governing service on the State (*see, Matter of Thomas v State of New York, supra* at 651; *Matter of E.K. v State of New York, supra* at 541), the Court of Claims concluded that his failure to establish the merit of his alleged medical malpractice claim warranted denial of his application (*see, Calco v State of New York*, 165 AD2d 117, 119). On this latter point, it is undisputed that claimant offered no expert medical opinion evidence to support his allegations that his medical condition was misdiagnosed, as well as improperly and ineffectually treated by state medical personnel (*see, Matter of E.K. v State of New York, supra*). Claimant contends, however, that expert medical evidence is not required because the question of whether his cancer was misdiagnosed and ineffectually treated can be answered by a layperson on the basis of common everyday experience. This argument, however, presupposes that the ulcer was cancerous when examined and treated by state personnel prior to 1997, that the treatment rendered was medically inappropriate or harmful and that earlier proper treatment would have avoided the injuries he subsequently sustained. None of these elements is established by claimant's medical records. Thus, expert medical evidence clearly is required to demonstrate that the diagnosis and treatment rendered to claimant by state personnel departed from accepted medical practices and standards (*see, Fiore v Galang*, 64 NY2d 999, 1001; *Matter of Duffy v State of New York, supra* at 912; *Quigley v Jabbur*, 124 AD2d 398, 399-400; *compare, Matter of Caracci v State of New York*, 178 AD2d 876, 877).

We have considered claimant's remaining contentions, including his reliance on the continuous treatment doctrine to avoid the statute of limitations problem alluded to by the Court of Claims, and find them to be either moot or without merit. Thus, we find that the Court of Claims had a sound basis in the record for its decision and did not abuse its discretion in denying claimant's motion.

Peters, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.