■ In the Matter of WILFREDO GONZALEZ, Appellant, v STATE OF NEW YORK, Respondent. [749 NYS2d 186] —Crew III, J.P. Appeal from an order of the Court of Claims (Marin, J.), entered August 29, 2001, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On November 30, 2000 claimant, a prison inmate, had a tooth extracted at Sullivan Correctional Facility in Sullivan County. Claimant continued to experience pain and, on January 25, 2001, an x ray of claimant's mouth revealed the presence of a bone fragment in the area of the original extraction. That same day, the bone fragment was removed by an oral surgeon. Approximately four months later, in May 2001, claimant sought permission to file a late "notice of intention to file a claim" against defendant based upon alleged medical malpractice. As claimant's application was made pursuant to Court of Claims Act § 10 (6), the Court of Claims treated it as an application to file a late claim. The court subsequently denied claimant's application, prompting this appeal.

We affirm. The Court of Claims is vested with broad discretion to grant or deny a motion for permission to file a late claim following the consideration of the statutory factors enumerated in Court of Claims Act § 10 (6) (see Matter of P.A. v State of New York, 277 AD2d 671, 672). Indeed, this Court has held that the denial of such an application will not be disturbed "when the excuse offered for the delay is inadequate and the proposed claim is of questionable merit" (Matter of Perez v State of New York, 293 AD2d 918, 919).

Although claimant contends that he continued to experience pain and sought treatment following the November 2000 tooth extraction, any treatment in this regard ceased with the removal of the bone fragment in January 2001. Claimant has offered no explanation for the ensuing four-month delay in bring-

ing the instant application. Additionally, claimant failed to provide any medical evidence to support his allegations of dental malpractice (*see id.* at 919). In light of the foregoing, and upon due consideration of all the statutory factors, we find no basis upon which to disturb the denial of claimant's application.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.