In the Matter of RONALD LYNCH, Appellant, v STATE OF NEW YORK, Respondent. [768 NYS2d 403]—

Crew III, J. Appeal from an order of the Court of Claims (McNamara, J.), entered October 3, 2002, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

Claimant, a prison inmate, filed a claim on August 27, 2001 alleging that various correction officers had harassed him on or about May 18, 2001. As the claim was not timely filed, claimant thereafter sought permission to file a late claim pursuant to Court of Claims Act § 10 (6), contending that the subject delay was occasioned by his misinterpretation of CPLR 2103 and the inability to secure the services of a notary public. Finding claimant's proffered excuse inadequate and the underlying claim of questionable merit, the Court of Claims denied claimant's application. This appeal ensued.

We affirm. Recognizing the broad discretion afforded the Court of Claims when entertaining a motion for permission to file a late claim (*see Matter of Gonzalez v State of New York*, 299 AD2d 675 [2002]), this Court has declined to disturb the denial of such an application where, as here, "the excuse offered for the delay is inadequate and the proposed claim is of questionable merit" (*Matter of Perez v State of New York*, 293 AD2d 918, 919 [2002]). Inasmuch as "ignorance of the law is not an acceptable explanation for the failure to serve a timely notice of claim" (*Matter of Sandlin v State of New York*, 294 AD2d 723, 724 [2002], *lv dismissed* 99 NY2d 589 [2003]; *Matter of Perez v State of New York, supra*), claimant's misinterpretation of CPLR 2103 does not provide a basis for the requested relief, nor does his unsubstantiated assertion that he was denied access to a notary public until shortly before the underlying claim was filed. As to the claim itself, which appears to assert a cause of action for intentional infliction of emotional distress, the case law makes clear that such cause of action cannot be maintained against a governmental entity (*see Liranzo v New York City Health & Hosps. Corp.*, 300 AD2d 548 [2002]). We, therefore, find no abuse of discretion in the denial of claimant's application.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.