■ In the Matter of ISAIAH BROWN, Appellant, v STATE OF NEW YORK, Respondent. [773 NYS2d 623]—

Rose, J. Appeals (1) from an order of the Court of Claims (Hard, J.), entered December 3, 2002, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim, and (2) from an order of said court, entered June 30, 2003 which, upon reargument, adhered to its prior decision.

In this proceeding, claimant alleges that officials at Clinton Correctional Facility in Clinton County denied his requests for information and recording equipment for use in conducting depositions of nonparties in a civil action pending in federal court. Claimant's resulting grievance against those officials was denied in March 2000. More than two years later, in June 2002,

claimant sought permission to file a late notice of claim. Finding neither an adequate excuse for the delay nor a meritorious claim, the Court of Claims denied claimant's application and, after granting him reargument, denied it again. These appeals ensued.

We affirm. The Court of Claims is vested with broad discretion to grant or deny an application for permission to file a late claim (*see e.g. Matter of Gonzalez v State of New York*, 299 AD2d 675 [2002]), and we have declined to disturb the denial of such an application where "the excuse offered for the delay is inadequate and the proposed claim is of questionable merit" (*Matter of Perez v State of New York*, 293 AD2d 918, 919 [2002]; *see Matter of Lynch v State of New York*, 2 AD3d 1002, 1003 [2003]). Here, claimant offered no explanation, other than his ignorance of the law, for the two-year delay in bringing his application (*see Matter of Lynch v State of New York, supra* at 1003; *Matter of Sandlin v State of New York*, 294 AD2d 723, 724 [2002], *lv dismissed* 99 NY2d 589 [2003]). In addition, the record contains no evidence that he tendered payment for the recording equipment that he requested from prison officials (*see* Civil Rights Law § 79 [3] [a]) or that they were obligated to provide such equipment because he was proceeding as a poor person in the federal court action (*see* Civil Rights Law § 79 [3] [b]). Nor do we find any evidence in the record to support claimant's conclusory contention that a misbehavior report was allegedly filed or, if filed, that it was in retaliation for his grievance against prison officials (*see Matter of Sandlin v State of New York, supra* at 725).

On reargument, claimant submitted a copy of the federal court's order permitting him to conduct telephonic depositions. He did not, however, offer any basis for his claim that this court order obligated state prison officials to assist him by providing the requested equipment, particularly since the state generally is not required to perform any services related to prison inmate litigation (*see* Civil Rights Law § 79 [3] [a]; *Gittens v State of New York*, 175 AD2d 530, 530-531 [1991]). In light of claimant's failure to establish that his proposed claim has merit in fact or law, we find no abuse of discretion in the denial of claimant's application.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.