■ In the Matter of ABE ROBINSON, Appellant, v STATE OF NEW YORK, Respondent. [826 NYS2d 461]—

Carpinello, J. Appeal from an order of the Court of Claims (Collins, J.), entered September 28, 2005, which denied

claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

In the first week of January 2005, claimant, an inmate at Great Meadow Correctional Facility in Washington County, sought medical treatment for pain and swelling in his neck area. After examination, a mass was surgically removed from claimant's upper back and neck. Claimant subsequently developed a rash on his neck and back and was prescribed a topical medication. The rash worsened and spread, and in March 2005 claimant's prescription was changed to an oral medication. This treatment also proved unsuccessful and claimant was ultimately referred to a dermatologist at the Coxsackie Regional Medical Unit, who, in April 2005, diagnosed, among other things, an allergic reaction to the prescribed medication. In June 2005, claimant sought permission to file a late notice of claim against defendant for medical malpractice and other claims. The Court of Claims denied the application, prompting this appeal.

Initially, defendant concedes that, to the extent that claimant sought to file a claim alleging medical malpractice or negligence regarding the treatment he received for the skin rash, his claim was timely under the continuous treatment rule (*see Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *Ogle v State of New York*, 142 AD2d 37, 38-39 [1988]). Thus, his motion for permission to file a late notice of claim, with respect to that treatment, was unnecessary and he should have been directed to file the claim.

We reach a different conclusion, however, with respect to the claims arising from the January 2005 surgical procedure. Application of the continuous treatment doctrine requires a showing that "the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Borgia v City of New York, supra* at 155; *see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 295-296 [1998]). Given that claimant offered no medical proof linking the skin rash to the surgical procedure, that part of his claim was untimely and an application to file a late notice of claim was required.

"The Court of Claims is vested with broad discretion to grant or deny a motion for permission to file a late claim following the consideration of the statutory factors enumerated in Court of Claims Act § 10 (6)" (*Matter of Gonzalez v State of New York*, 299 AD2d 675, 675 [2002] [citation omitted]). This Court has declined to disturb the denial of such an application where "the excuse offered for the delay is inadequate and the proposed

claim is of questionable merit" (*Matter of Perez v State of New York*, 293 AD2d 918, 919 [2002]; *see Matter of Brown v State of New York*, 6 AD3d 756, 757 [2004]). Here, neither claimant's professed ignorance of the law nor his confinement in a correctional facility provided an acceptable excuse for the delay in filing his claim with respect to this procedure (*see Matter of Lynch v State of New York*, 2 AD3d 1002, 1003 [2003]). Moreover, claimant provided no medical records or expert medical proof to support his allegations of medical malpractice (*see Matter of Gonzalez v State of New York, supra* at 676; *Matter of Perez v State of New York, supra* at 919). We, therefore, find no abuse of discretion in the denial of claimant's application to file a late notice of claim with respect to the January 2005 surgical procedure.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied claimant permission to file a late notice of claim with regard to his treatment for his skin rash; motion granted to that extent; and, as so modified, affirmed.