■ In the Matter of TIMOTHY BEST, Appellant, v STATE OF NEW YORK, Respondent. [839 NYS2d 621]—

Spain, J. Appeal from an order of the Court of Claims (Sise, P.J.), entered August 14, 2006, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

This claim arises out of a series of traffic violations committed by claimant from 1995 to 1997, including operating a vehicle without a license and insurance. Claimant's cause of action is based on an assertion that he was not initially notified that his license was suspended or revoked and, thereafter, in October 2003, the Department of Motor Vehicles (hereinafter DMV) wrongfully rejected his letter seeking reinstatement of his license, which he claims led to the loss of his job. Claimant filed the instant claim on February 20, 2004, alleging emotional distress caused by DMV's negligence and seeking $7.5 million in damages. The action was dismissed by the Court of Claims in February 2005 for being both untimely and improperly served. In July 2005 and December 2005, the court denied claimant's motions to renew and/or reargue. Claimant thereafter moved to

file a late notice of claim. The motion was denied, claimant appealed and we now affirm.

It is undisputed that the claim was filed beyond the 90-day limitations period and it is well settled that the Court of Claims does not obtain subject matter jurisdiction unless a claim, or a notice of intention to file, is timely filed (see Court of Claims Act § 10 [3-b]; *Rivera v State of New York*, 5 AD3d 881, 881 [2004]; *Bullard v State of New York*, 307 AD2d 676, 677 [2003]). The court, however, has broad discretion to grant or deny a motion for permission to file a late claim and such will not be disturbed absent an abuse of such discretion (see *Matter of Robinson v State of New York*, 35 AD3d 948, 949-950 [2006]; *Matter of Gonzalez v State of New York*, 299 AD2d 675, 675 [2002]; *Matter of Duffy v State of New York*, 264 AD2d 911, 912 [1999]). When entertaining such a motion, the court must consider the factors enumerated in Court of Claims Act § 10 (6) and, while no single factor is deemed controlling, this Court has declined to disturb the denial of a claimant's application where the proposed claim is of questionable merit and inadequate excuses are offered for the delay in filing (see *Matter of Robinson v State of New York, supra* at 949-950; *Matter of Brown v State of New York*, 6 AD3d 756, 757 [2004]; *Matter of Sandlin v State of New York*, 294 AD2d 723, 725 [2002], *lv dismissed* 99 NY2d 589 [2003]).

Initially, we find that the Court of Claims properly determined that claimant's claim was devoid of merit. Claimant utterly fails to provide support for his contention that he was not given notice by his insurance company or DMV of the termination of his insurance or his license suspension; indeed, it is unclear from the record when and under what circumstances he originally lost his license. In any event, he concedes that he knew of his suspension after receiving his first ticket for such and then continued to drive and amass numerous additional violations, all of which resulted in default convictions and fines against him, the fines for some of which were never paid. Defendant's contention that DMV was negligent in rejecting his October 2003 request to reinstate his license must also fail, inasmuch as the refusal to restore claimant's license until he had paid his outstanding fines is statutorily mandated (see Vehicle and Traffic Law § 318 [14]). Moreover, claimant failed to present a copy of his October 2003 letter contesting his license revocation or any evidence at all to substantiate his claim that DMV wrongfully rejected that alleged request.

Finally, claimant's only proffered excuse for his delay in filing was that the parties were involved in settlement negotiations, a

contention that is unavailing. The only evidence supporting such claim was a letter written by claimant in December 2005 proposing to enter into settlement negotiations, well after the Court of Claims had dismissed his claim and denied his motions for reargument and/or renewal (*see Youngstown Pneumatic Concrete Co. v State of New York*, 55 AD2d 776, 776 [1976], *lv denied* 41 NY2d 803 [1977]; *see also Prusack v State of New York*, 117 AD2d 729, 730 [1986]).

We have considered claimant's remaining contentions and find them lacking in merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.