■ CARMEN RUSSO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 105954.) [855 NYS2d 402]—Appeal from a

judgment of the Court of Claims (Philip J. Patti, J.), entered January 12, 2007 in an action for negligence and medical malpractice. The judgment dismissed the claim after trial.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, an inmate in a correctional facility, commenced this action alleging that defendant negligently delayed diagnosis and treatment of his back injury, resulting in further injury, pain and disability. The Court of Claims properly granted judgment in favor of defendant after trial. Claimant failed to "establish that the negligence of [defendant] or [defendant]'s deviation from the accepted standard of care was the proximate cause of the claimant's injuries" (*Lowe v State of New York*, 35 AD3d 1281, 1282 [2006]). Contrary to claimant's contentions, there is no constitutional requirement that the court assign counsel (*see generally Matter of Smiley*, 36 NY2d 433, 439 [1975]), nor did the court have authority to direct defendant to pay the fees incurred by claimant in retaining an expert witness (*see* Court of Claims Act § 27). We have considered claimant's remaining contentions and conclude that they are lacking in merit. Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.