# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1209**

**CA 12-01352**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MANUEL MARTINEZ, CLAIMANT-APPELLANT,

V                                                MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 119899.)
(APPEAL NO. 1.)

---

MANUEL MARTINEZ, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK K. WALSH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered May 16, 2012. The order denied the motion of claimant to compel defendant to send him to an orthopaedic specialist.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, an inmate at a correctional facility, commenced this action to recover damages arising from a slip and fall accident in which he allegedly injured his knee, and from his subsequent medical treatment. In appeal No. 1, he appeals from an order denying his motion to compel defendant to send him to an orthopaedic specialist for, inter alia, a magnetic resonance image (MRI) of his knee. In appeal No. 2, he appeals from an order granting defendant's cross motion for a protective order relieving it from the responsibility of responding to claimant's interrogatories.

Contrary to claimant's contention in appeal No. 1, we conclude that the Court of Claims did not abuse its discretion in denying his motion for a court-ordered MRI. Specifically, claimant contends that the court was required to order an MRI because defendant has a duty to provide medical treatment to him based on his status as a prison inmate. That contention, however, must be raised in Supreme Court in a CPLR article 78 proceeding (*see e.g. Matter of Wooley v New York State Dept. of Correctional Servs*., 61 AD3d 1189, 1189-1190, *affd* 15 NY3d 275, *rearg denied* 15 NY3d 841; *Matter of Scott v Goord*, 32 AD3d 638, 638-639), not in the Court of Claims as part of an action for money damages. Furthermore, although the Court of Claims may order certain equitable relief incidental to a money judgment (*see Zutt v State of New York*, 50 AD3d 1131, 1132), there has been no judgment or other resolution in claimant's favor that would permit the relief he

seeks at this juncture of the litigation. Insofar as claimant seeks an order directing defendant to pay for an MRI as part of the discovery process in this litigation, we note that the Court of Claims may not direct defendant to pay the litigation costs of any party (*see* Court of Claims Act § 27; *Shell v State of New York*, 307 AD2d 761, 762, *lv denied* 1 NY3d 505; *Gittens v State of New York*, 175 AD2d 530, 530-531).

Contrary to claimant's contention in appeal No. 2, we conclude that the court properly granted defendant's cross motion seeking a protective order with respect to claimant's interrogatories. Although a deposition pursuant to CPLR 3106 (b) and discovery and inspection pursuant to CPLR 3120 (1) "may be sought against [a] nonparty witness as well as against a party, the interrogatory under CPLR 3130 (a) is available only against a party" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3130:1). Here, claimant directed the interrogatories to nonparty employees of defendant, and the court therefore properly issued the protective order (*see Carp v Marcus*, 116 AD2d 854, 856).

Entered:  November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court