# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**791**

**CA 15-02106**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

JOHN FREDERICK AND JAN FREDERICK, DOING BUSINESS
AS FREDERICK FARM, CLAIMANTS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

NEW YORK STATE THRUWAY AUTHORITY,
DEFENDANT-APPELLANT.
(CLAIM NO. 121048.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR DEFENDANT-APPELLANT.

KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR CLAIMANTS-RESPONDENTS.

---

Appeal from an order of the Court of Claims (Renée Forgensi Minarik, J.), entered March 23, 2015. The order, insofar as appealed from, required defendant to obtain or pay the cost of the insurance for the testing to be performed by claimants' environmental expert.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is granted in its entirety.

Memorandum: In this real property tort action, claimants assert that deicing agents have run off of the Thruway and onto their farm located adjacent to the Thruway, thereby contaminating the soil and water. In order to prove their claim, claimants sought to inspect, test, and sample the Thruway shoulder and median adjacent to their farm. The testing would include, among other things, air, soil, and water testing and would involve "six visits to the site during the winter and early spring." Claimants located a professor who agreed to perform the testing as their expert in exchange for permission to use the tests in his research and teaching; however, neither claimants nor the professor could afford the liability insurance routinely required by defendant in connection with inspections performed on its property.

Defendant moved for a protective order "requiring [c]laimants to provide satisfactory liability insurance in connection with proposed testing." The Court of Claims issued an order stating, inter alia, that "[d]efendant shall be required to obtain or pay the costs of the insurance necessary to cover the anticipated testing activities" and that "the amount of insurance necessary shall be as determined by [d]efendant." Defendant appeals from that part of the order requiring

it to obtain or pay the cost of the insurance for the testing to be performed by claimants' environmental expert, contending that it violates Court of Claims Act § 27.

As a preliminary matter, we reject claimant's contention that defendant's appeal is moot.  Contrary to claimant's contention, the record before us does not establish that all of the expert's proposed testing visits have taken place, and thus the appeal is not moot because "the case presents a live controversy and enduring consequences potentially flow from the order appealed from" (*Matter of New York State Commn. on Jud. Conduct v Rubenstein*, 23 NY3d 570, 576).

Turning to the merits, we agree with defendant that the court erred in denying its motion in part and, further, directing it to pay the cost of the insurance.  Under Court of Claims Act § 27, "costs, witnesses' fees and disbursements shall not be taxed . . . by the court to any party."  The court therefore did not "have authority to direct defendant to pay the fees incurred by claimant[s] in retaining an expert witness" (*Russo v State of New York*, 50 AD3d 1554, 1555, *lv denied* 11 NY3d 702; *see generally Martinez v State of New York*, 111 AD3d 1445, 1446, *lv dismissed* 23 NY3d 956; *Mihileas v State of New York*, 266 AD2d 866, 866).  We therefore reverse the order insofar as appealed from and grant the motion in its entirety.

Entered:  October 7, 2016                        Frances E. Cafarell
                                                Clerk of the Court