Matter of Barnes v State of New York (2018 NY Slip Op 01106)





Matter of Barnes v State of New York


2018 NY Slip Op 01106


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

524541

[*1]In the Matter of ANTHONY BARNES, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Anthony Barnes, Marcy, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal an order of the Court of Claims (Hard, J.), entered October 3, 2016, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.
For a period of approximately six weeks beginning on or about January 7, 2015, claimant, an inmate at Upstate Correctional Facility, allegedly experienced sharp pains in his left side and lower abdominal area, which he attributes to a urinary tract infection, and claims that he was denied timely and adequate medical attention by correction officers and medical staff within the facility. In April 2016, claimant sought permission to file a late notice of claim against the State to recover damages for personal injuries caused by the alleged
negligence and intentionally tortious conduct of certain facility staff. Finding, among other things, the delay unexcused and the proposed claim lacking in merit, the Court of Claims denied claimant's application to file a late notice of claim, prompting this appeal.
We affirm. As an initial matter, with regard to that portion of claimant's application seeking to bring a late intentional tort claim against certain facility staff (see Court of Claims Act § 10 [3-b]), the application was properly denied to that extent because the one-year limitations period in which to make an application for, and to bring, such a claim had expired (see CPLR 215 [3]; Court of Claims Act § 10 [6]; Sands v State of New York, 49 AD3d 444, 444 [2008]; Salquerro v State of New York, 212 AD2d 827, 828 [1995]; Mallory v State of New York, 196 AD2d 925, 926 [1993]; Hernandez v State of New York, 144 AD2d 167, 167 [1988]; cf. Campos [*2]v State of New York, 139 AD3d 1276, 1278 [2016]; Burks v State of New York, 119 AD3d 1302, 1303 [2014]).
Turning to the balance of the allegations in claimant's proposed claim, pursuant to the Court of Claims Act, a claim or notice of intention to file a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the State must be filed and served within 90 days after accrual of the cause of action (see Court of Claims Act § 10 [3]; Burks v State of New York, 119 AD3d at 1303; Davis v State of New York, 89 AD3d 1287, 1287-1288 [2011]). Where, as here, such a claim is untimely, "[t]he Court of Claims has broad discretion in determining whether to grant or deny an application for permission to file a late notice of claim and its decision will not be disturbed absent a clear abuse of that discretion" (Matter of Martinez v State of New York, 62 AD3d 1225, 1226 [2009]; see Court of Claims Act § 10 [6]; Matter of Magee v State of New York, 54 AD3d 1117, 1118 [2008]). When entertaining an application for permission to file a late notice of claim, the court must consider the factors enumerated in Court of Claims Act § 10 (6),[FN1] and, while no single factor is deemed controlling, this Court has consistently declined to disturb the denial of a claimant's application where the proposed claim is of questionable merit and inadequate excuses are offered for the delay in filing (see Ortiz v State of New York, 78 AD3d 1314, 1314 [2010], affd 17 NY3d 389 [2011]; Matter of Martinez v State of New York, 62 AD3d at 1226; Matter of Best v State of New York, 42 AD3d 699, 700 [2007]).
Claimant has failed to proffer an adequate excuse for his failure to file a timely claim. In support of his request that his untimely claim be excused, claimant submitted prison grievances that he had filed in which he alleged that facility staff had interfered with his mail. These grievances, however, pertain only to incoming mail that claimant alleged was privileged and that concerned matters unrelated to any purported attempt to file a timely claim. Moreover, even assuming that there was interference with the subject mail in some manner, such interference occurred after the present claim should have been filed and served upon the State and in no way constitutes evidence that claimant actually attempted to file a timely claim or that such an attempt was obstructed or tampered with in some fashion (cf. Young v State of New York, 138 AD3d 1357, 1358 [2016]).
Moreover, the proposed claim is of questionable merit. While claimant submitted with his application facility medical records from January and February 2015 reflecting that he sought and received medical treatment within the facility for his symptoms, the records also reveal that claimant failed to appear for sick call on at least three days in January 2015 and that urinalysis and culture specimen tests for an infection were negative. Facility medical records aside, "expert medical evidence clearly is required to demonstrate that the diagnosis and treatment rendered to [*3]claimant by State personnel departed from accepted medical practices and standards" (Matter of Perez v State of New York, 293 AD2d 918, 919 [2002]; see Myers v State of New York, 46 AD3d 1030, 1031 [2007]; Trottie v State of New York, 39 AD3d 1094, 1095 [2007]), and claimant has failed to offer any expert medical opinion evidence to support his allegations that his medical condition was misdiagnosed or "improperly and ineffectually treated by State medical personnel" (Matter of Perez v State, 293 AD2d at 919; see Matter of Brown v State of New York, 52 AD3d 1136, 1136 [2008]; Matter of Robinson v State of New York, 35 AD3d 948, 950 [2006]; Matter of P.A. v State of New York, 277 AD2d 671, 672 [2000]). Accordingly, the proposed claim is lacking in merit, and we therefore find no abuse of discretion in the denial of claimant's application to file a late notice of claim.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The non-exhaustive list of factors considered by the Court of Claims in determining whether to permit the filing of a claim include "whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10 [6]).